(55 App. Div. 186.)

PEOPLE ex rel. BUFFALO NATURAL-GAS FUEL CO. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Third Department.  November 20, 1900.)

TAXATION—REVIEW OF ASSESSMENT—CERTIORARI—RETURN.

> It being provided by Laws 1896, c. 908, § 252, that the return to a writ of certiorari to review an assessment must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed, and the grounds for the valuation made by the assessing officers, the writ should not command a return of "the manner of making the same [the assessment], the method pursued by you in making and fixing a valuation on such special franchise of petitioner in said city, * * * with the basis adopted by you for such valuation"; it being ambiguous and confusing, unauthorized if requiring more than the statute, and unnecessary if requiring no more.

> Kellogg, J., dissenting.

Appeal from special term, Albany county.

Certiorari, on the relation of the Buffalo Natural-Gas Fuel Company, against the state board of tax commissioners.  From an order denying defendant's application to modify the writ by striking out of the requirement as to the return to be made the following: "Including the manner of making the same, the method pursued by you in making and fixing a valuation upon such special franchise of the petitioner in said city of Buffalo, with the basis adopted by you for such valuation thereof,"—it appeals.  Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John C. Davies, Atty. Gen. (Henry B. Coman, Dep. Atty. Gen., of counsel), for appellant.

Lewis E. Carr and D. B. Hill, for respondent.

SMITH, J.  By section 252 of the tax law (chapter 908, Laws 1896), the return of the assessors "must concisely set forth such

other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers." Not only, therefore, must the assessors return "the facts pertinent and material to show the value of the property"; they are further to return "the grounds of their valuation." The wisdom of this statutory requirement is not for our consideration. By the writ the assessors are required to return "the manner of making the same [the assessment], the method pursued by you in making and fixing a valuation upon such special franchise of the petitioner in said city of Buffalo, with the basis adopted by you for such valuation thereof." The vice in this pro-. vision of the writ would seem to lie in its ambiguity. It is not clear what is meant by "manner," "method," and "basis." If it be construed to require more than is required by statute, it is unauthorized, and calls for a return which would only incumber the record. If it be construed, however, to require no more, it is then unnecessary. It seems to have been held in the First department that the assessors could not be required to return the method by which they arrived at their conclusion. People v. Gilon (Sup.) 22 N. Y. Supp. 238. In my judgment, the form of the writ would serve to confuse, rather than to enlighten, the assessors in making return to the writ. The assessors are already directed by the statute. If the return do not accord with that direction, it may be returned for correction. The matter complained of should be stricken from the writ.

Order, so far as is appealed from, is reversed, and the motion to strike out granted, and in lieu of the words stricken out the following to be inserted: "Including such other facts as may be pertinent and material to show the value of the property assessed on the roll, and the grounds for the valuation made by the assessing officers." All concur, except KELLOGG, J., dissenting.

KELLOGG, J. (dissenting). The only question before us is, has the special term exceeded its powers in directing to be incorporated in the writ running to the defendant the language above quoted? It must be conceded, I think, that the special term, the court having the review of the proceedings before the board of tax commissioners, has a discretion in such matters, and power to direct as to the particular facts it desires returned, so long as it keeps within the limit prescribed by law or statute. This, I believe, has been heretofore the universal practice, both as to common-law writs and statutory writs. 2 Fiero, Spec. Proc. 1252, 1255; People v. Barker, 48 App. Div. 248, 63 N. Y. Supp. 167. The statute prescribes as to the return to writs in assessment cases as follows: "The return must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers." Laws 1896, c. 908, § 252. Who is to determine, if not the court, what "other facts may be pertinent"? Must it be left to the assessor to say? These proceedings start with a petition to the court alleging the particular grievance of the petitioner created by some act·of the assessors. To meet this grievance, and to correct it if it is proven to exist, the court

must necessarily have before it the particular facts and acts which lie at the foundation of it, and I think it very appropriate for the court to say by its writ what are those "other facts" which "may be pertinent and material." The same reasoning applies to the requirement to return "the grounds for the valuation." The "grounds," as here used, embraces something besides naked facts, because these are elsewhere specified as we have seen. What may be comprehended under this term, as here used, properly belongs to the court, and not to the assessors, to say. At any rate, the right to say is not exclusively with the assessors. And when the court has said what particular things it requires in order to dispose of the grievance set forth in the petition, and it appears that the particulars are within the terms of the statute liberally construed, the assessors have no just ground for complaint. The "special franchise" is made by the law real estate for the purposes of taxation. The law defines what shall be included under the name "special franchise,"—the tangible property which is on or under the property of the public, and the right to use this tangible property so placed. It is not difficult in any case to reach by well-known rules, which have the sanction of the court, the actual value of the tangible property.

The value of the right to use the public streets or other public lands or space is quite another matter. So far the courts have had no opportunity to fix and determine what shall be the grounds of such valuation, or what shall be the grounds of the valuation of the tangible and intangible combined. The complaint here is that the assessors have made an overvaluation; that such overvaluation is the result of some improper rule or method,—the assumption of erroneous "grounds for the valuation"; and it sets forth facts which go far to show that some nonelastic formula was used by the assessors which accurately evolved a result in odd dollars rather than a round sum. The court, to intelligently review the conclusion of the assessors, and determine whether it is right or wrong, obviously must be possessed of all the pertinent facts; all the "grounds for the valuation"; all the ingredients of this compound of tangible and intangible property expressed by the figures "$1,342,195"; not alone the ingredients, but the formula adopted to get the result; the rule, the method, if there was one, used in reaching these exact figures. It is no answer to say that the court may avail itself of its powers under the statute, and take evidence as to these things. It is a mistake to suppose that the statute contemplates that in every case the court shall resolve itself into an original assessing board. It is only in case of necessity that it may take evidence, and the necessity may not exist if all the needed facts and grounds are with particularity returned. The statute contemplates a review of the acts of the assessors in the first instance, and a determination upon the return alone, if it shall be sufficient, as to the grievance complained of. The court may take evidence, but this is only where it is necessary to reach new facts or settle disputed facts. It in no way dispenses with a full and particularized return.

The requirement here is to return the "manner of the assessment," —"the basis adopted." These are essential facts, without which no

intelligent review could be had. "Method pursued" is also a fact, and has been declared altogether important in determining whether a grievance such as the petition here alleges is well or ill founded. People v. Clapp, 152 N. Y. 490, 46 N. E. 842, 39 L. R. A. 237; People v. Barker, 146 N. Y. 304, 40 N. E. 996. Since, as we have seen, it is for the court at special term, in any given case, to determine what "facts are pertinent and material," and since it plainly appears that the court has called for none except such as are contemplated by the statute may or shall be returned by the assessors, I think the order was a proper one, and should be affirmed, with $10 costs and disbursements.