case to be settled, signed and filed, and printed case served upon plaintiff's attorney and pays the ten dollars costs of this motion.

Syracuse Solar Salt Company, Respondent, v. Rome, Watertown and Ogdensburg Railroad Company, Appellant.— Motion in all things denied, with ten dollars costs.

Henry A. Stone v. Lewis B. White.— Motion granted unless case settled and the printed papers on appeal are served on or before August 1, 1901.

The Village of Champlain, Appellant, v. Matilda McCrea and First National Bank of Champlain, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Joshua J. Warren, Appellant, v. The City of Johnstown, Respondent.— Judgment unanimously affirmed, with costs. No opinion.

William H. Townsend, Appellant, v. Winslow M Bell and Arthur E. Bell, Respondents.— Order amended so as to show that the same was reversed upon the grounds stated in the opinion of Justice Putnam (42 App. Div. 409). This order to be settled by Parker, P. J.

William W. Farley, Respondent, v. William H. Stowell, Appellant. — Motion granted, with ten dollars costs, unless defendant, on or before the 1st day of July, 1901, procures case and exceptions to be signed and filed, and printed case served on the plaintiff's attorney and pays the ten dollars, the costs of this motion.

Roswell A. Parmenter and Franklin J. Parmenter, Respondents, v. George C. Genet, Appellant.— Appeal taken from the orders made on the 11th day of March, 1901, dismissed, without costs.

Francelia O. Patchen, Appellant, v. The President, Managers and Company of the Delaware and Hudson Canal Company, Respondent, Impleaded with Another.— Order of January 12, 1901, reversed, and the motion then made is granted. Order of January 25, 1901, is affirmed. The appeal from the order dated November 14, 1900, and entered in Albany county clerk's office December 20, 1900, and from the judgment entered on the same day, dismissed. No costs in any case. No opinion. All concurred.

The People of the State of New York ex rel. The New York Central and Hudson River Railroad Company, Appellant, v. George E. Priest and Others, Constituting the State Board of Tax Commissioners, Respondents (Park Avenue).— Order affirmed upon the authority of People ex rel. Buffalo Natural Gas Fuel Co. v. State Board of Tax Commissioners (55 App. Div. 186), with ten dollars costs and disbursements. No opinion. All concurred.

The People of the State of New York ex rel. The New York Central and Hudson River Railroad Company, Respondent, v. George

E. Priest and Others, Constituting the State Board of Tax Commissioners, Appellants.— Order, so far as it is appealed from, is reversed, and motion to strike out granted, and in lieu of the words first stricken out the following to be inserted, "including such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers," upon the authority of People ex rel. Buffalo Natural Gas Fuel Co. v. State Board of Tax Commissioners (55 App. Div. 186). No opinion. All concurred, except Kellogg, J., dissenting on grounds stated in dissenting opinion in case last named.

The People of the State of New York ex rel. The Western Union Telegraph Company, Respondent, v. George E. Priest and Others, Constituting the State Board of Tax Commissioners, Appellants.— Order, so far as it is appealed from, is reversed, and motion to strike out granted, and in lieu of the words first stricken out the following to be inserted, "including such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers," upon the authority of People ex rel. Buffalo Natural Gas Fuel Co. v. State Board of Tax Commissioners (55 App. Div. 186). No opinion. All concurred, except Kellogg, J., dissenting on grounds stated in dissenting opinion in case last named.

Reginald Harvey, Respondent, v. Henry Annable and Others, Appellants.— Judgment affirmed, with costs. No opinion. All concurred.

Emmor J. Caldwell, who Sues on Behalf of Himself and all Other Stockholders of the Rexford's Flats Bridge Company Situated Similarly with Himself, Respondent, v. Rexford's Flats Bridge Company and Others, Appellants.— Order so modified as to restrain the transfer by the defendants of only the seventy-six shares of treasury stock, mentioned in the complaint, and the payment of the claim presented by Cyrus W. Rexford, and as so modified affirmed, with ten dollars costs and disbursements to the appellant. No opinion. All concurred.

Francis H. Keegan, Appellant, v. Carrie Harris, Respondent.— Judgment affirmed, with costs. No opinion. All concurred.

Amanda B. McAllister, Respondent, v. Charles A. McAllister, Appellant.— Judgment so far as it awards alimony of $1,200, payable in monthly installments of $100 each, is reversed, and a new trial granted, without costs, unless the plaintiff stipulates to reduce the amount to $600, payable $50 monthly, in which case judgment as modified shall be affirmed, without costs to either party. No opinion. All concurred.

---

## Second Department, May Term, 1901.

In the Matter of the Application of Mary J. Westerfield and Flora E. Rogers for an Order Directing the Payment of Certain Moneys by William Shillaber, Jr., as Trustee under the Last Will and Testament of Jason Rogers, Deceased. William Shillaber, Jr., Trustee, Appellant.— Appeal from an order adjudging the trustee Shillaber guilty of contempt for having failed to pay certain moneys to the petitioners.— Order reversed, with ten dollars costs and disbursements, and matter remitted to the surrogate of

Westchester county for determination in accordance with per curiam opinion.—

Per Curiam: Under the former decision of this court it was held that as to the moneys and property of Thomas Rogers coming into the hands of the trustee, they should be paid over in discharge of the indebtedness of Thomas Rogers to the estate. We have not assumed to determine what proportion of the moneys thus received should be applied upon income and payable to the petitioners, and what proportion should be applied upon